FILED
UNITED STATES DISTRICT COURT CLERKS OFFICE
DISTRICT OF MASSACHUSETTS

2004 SEP 23  P 3: 01

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| George Logue | CIVIL ACTION |
| | CASE NO. 04 – 10822 - DPW |
| Plaintiff | COMPLAINT FOR DAMAGES |
| | Civil Rights Violation -. |
| v. | |
| Martha Coakley | |
| Assistant District Attorney | |
| Commonwealth of Massachusetts | |
| Defendants | (UNLIMITED CIVIL CASE) |

Comes now plaintiff with this complaint pursuant to U.S.C. Title 42 and in response to the following civil rights violations.

## FIRST CAUSE
(Civil Rights Violation – Malicious Prosecution)

Plaintiff alleges:

### Parties

1. Plaintiff is presently a resident of Middlesex County, Massachusetts.
2. Plaintiff is unaware of all the true names and capacities of defendants sued herein, inclusive, and therefore sues these defendants, if not by their true name, by such names according to their believed capacity of employment. Plaintiff will amend this complaint to allege their true names and capacities when ascertained.
3. Defendant Martha Coakley is a District Attorney in Middlesex County, and for the Commonwealth of Massachusetts. Defendant Coakley and Assistant District Attorney are registered attorneys in the State of Massachusetts and work in the District Attorney's Office. They have been familiar figures in Cambridge District Court where they provide legal services for the Commonwealth. Defendants Martha Coakley and Assistant District Attorney are members of the Bar, and operate the District Attorney offices located in the District Courthouse, 40 Thorndike Street, Cambridge, Massachusetts.
4. Plaintiff is informed and believes and thereon alleges that each of the named defendants Martha Coakley and Assistant District Attorney, and at all times herein mentioned, were practicing attorneys specializing in criminal prosecution, responsible in some manner for the occurrences herein alleged, and that plaintiff's damages as herein alleged, were proximately caused by their conduct.

1

## Jurisdiction

5. Pursuant to Massachusetts General Laws Ch. 258 § 4, notice of this impending claim was presented to the immediate governing body of the department involved. This court has jurisdiction over this matter; pursuant to title 42 U.S.C.S. in so far as defendants Martha Coakley and Assistant District Attorney were a group, in a series of defendants, and in which plaintiff's civil rights were violated. By conspiring and then sanctioning or failing to diligently perform their duties, while plaintiff was under duress, defendants contributed to, and supported the civil rights violations to continue. Plaintiff therefore beseeches this Court in order that an impartial forum is available.

## Facts

6. On February 14, 2003, and at other court proceedings through the year of 2003, plaintiff attempted to clear his good name of false charges filed against him December 14, 2002, by filing proper motions and declarations to show cause and which proved his innocence. By that time defendants Coakley and Assistant District Attorney were aware plaintiff had not committed any crime and that the alleged claim should have been withdrawn. However, the defendants nevertheless proceeded with the discovery process. False information and statements in the discovery articles were made with actual malice by defendants, their agents, servants and employees, and were made with the knowledge that accusations of other illegal conduct were false, or were made with reckless disregard either way.
7. On May 7, 21, and June 2, 2004 defendants Coakley and Assistant District Attorney continued to violate plaintiff's rights, guaranteed by the Due Process and Equal Protection clauses of the Fourteenth Amendment and a panoply of other rights arising under the Constitution, by acting under color of state law, 42 U.S.C.S. 1983 (1988), and exposing plaintiff to a discovery process in which additional false statements were published and communicated. Defendants Coakley and Assistant District Attorney, in performing discovery in this manner, have continued to defame plaintiff's good name by subjecting him to false charges and statements against his person. Defendants, and each of them, in doing so, violated his civil liberties and cast him in a false light.
8. On November 18, 2003, after more than 12 pretrial conferences, the charges against plaintiff were dismissed and the case was therefore determined finally in plaintiff's favor.
9. Through the year 2003, the claim, accusations, inaccurate discovery information and overall process were brought forth and maintained falsely and maliciously, for the intent and purpose of hindering, delaying and preventing the free movements of plaintiff, and to accomplish unlawful and ulterior purposes for which the said process was not designed or intended. Although initiated by MIT, the prosecution and continuations of the case were supported, and then maintained by defendants Coakley and Assistant District Attorney without cause, and were supported maliciously and with the intent to harm plaintiff. Defendant Coakley and Assistant District Attorney, in conducting discovery and publishing false statements, did unreasonably, substantially and seriously interfere with the privacy of plaintiff, did unreasonably cause his name and image to be placed on public display, did unreasonably cause his name and person to be portrayed in a false light, and to suffer from notoriety, all in violation of MGL c. 214 § 1B. In doing so,

    defendants, and each of them, negligently and unreasonably failed to investigate and inquire into the reliability of the allegations made against plaintiff and into the integrity and accuracy of the reports.
10. As a proximate result of defendants Coakley and Assistant District Attorney, and each of their parts in the malicious prosecution, abuse of process, and defamation, plaintiff was caused great harm, he was injured in his stature, health, and activity and suffered damages to his reputation, mental pain and anguish, embarrassment, humiliation, expenses and lost income, all to his damage.

WHEREFORE, plaintiff prays judgment as follows:

1. For general damages according to proof, and that the docket sheet be remanded, vacated and the record set to show that plaintiff had committed no crime;
2. For punitive damages according to proof;
3. For reasonable attorney consulting fees;
4. For interest and as allowed by law;
5. For costs of suit herein incurred; and
6. For such other and further relief as the Court may deem proper.

<u>September 18, 2004</u>  
      Date

*[signature]*

4

FILED
IN CLERKS OFFICE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

2004 SEP 23 P 3:02

U.S. DISTRICT COURT
DISTRICT OF MASS.

CIVIL ACTION

| | |
|---|---|
| George Logue | |
| Plaintiff | CASE NO. 04 – 10822 - DPW |
| | COMPLAINT FOR DAMAGES |
| | Civil Rights Violation – |
| v. | Malicious Prosecution |
| Martha Coakley | |
| Assistant District Attorney | |
| Commonwealth of Massachusetts | |
| Defendants | (UNLIMITED CIVIL CASE) |

## SECOND CAUSE
(Civil Rights Violation – Malicious Prosecution)

Plaintiff alleges:

Facts

1. Plaintiff refers to and incorporates, as though fully set forth herein, paragraphs 1 – 10, inclusive, of the First Cause.
2. Defendants Coakley and Assistant District Attorney, and in conjunction with the Cambridge District Court, in attempting to prosecute the false charges in such a manner, did conspire so as to continue the legal process, knowingly without cause and without considering proof to the contrary and presented by plaintiff. Further, without having found him guilty of any crime, defendant Assistant District Attorney and Presiding Justice further violated plaintiff's civil rights by pressing to continue the case, each time based on, "sufficient facts found but continued without a finding until," (as described on the docket sheet) when, in fact there could not have been any such facts found. After finally dismissing the case, defendants, and each of them, left the docket sheet and records indicating plaintiff had been on probation when in fact he had not. Rather, he had been diligently providing a community service in lieu of paying court fees. Defendant's negligent actions and omissions including the publishing of false information in the discovery process clearly indicate an abuse of process leading to malicious prosecution. By taking an active part, by omission, and in continuing and procuring the continuation of criminal procedings, though initiated by the MIT police, defendant Coakley and Assistant District Attorney violated Restatement (2nd) Torts § 655 and are subject to the same liability for the abuse of process and malicious prosecution as having initated the procedings themselves; Mitchell v. City of Boston, 130 F. Supp 2d 201, (2001).

1

3. Plaintiff, as a result of defendant's actions and omissions, was denied due process of law. Their actions were done maliciously, for the intent and purpose of hindering, delaying, and preventing the false claim from being dismissed, and to accomplish unlawful and ulterior purposes for which the said process was not designed or intended.
4. As a proximate result of these negligent acts and omissions of defendants, and each of them, plaintiff was deprived of his civil liberties, and suffered additional pain and anguish of the mind. Defendant's actions further injured his stature, health, and activity, and caused him to suffer additional embarrassment and humiliation, all to his damage.

WHEREFORE, plaintiff prays judgment as follows:

1. For general damages according to proof;
2. For punitive damages according to proof;
3. For reasonable attorney consulting fees;
4. For interest and as allowed by law;
5. For costs of suit herein incurred; and
6. For such other and further relief as the Court may deem proper.

<u>September 18, 2004</u>               *[signature]*

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 SEP 23  P 3: 01

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| George Logue<br><br>     Plaintiff<br><br>v.<br><br>Martha Coakley<br>Assistant District Attorney<br>Commonwealth of Massachusetts<br><br>     Defendants | CIVIL ACTION<br>CASE NO. 04-10822 - DPW<br>COMPLAINT FOR DAMAGES<br>Civil Rights Violation -.<br>Intentional Infliction of<br>Emtional Distress<br><br><br>(UNLIMITED CIVIL CASE) |

## THIRD CAUSE
(Civil Rights Violation – Intentional Infliction of Distress)

Plaintiff alleges:

### Parties

1. Plaintiff is presently a resident of Middlesex County, Massachusetts.
2. Plaintiff is unaware of all the true names and capacities of defendants sued herein, inclusive, and therefore sues these defendants, if not by their true name, by such names according to their believed capacity of employment. Plaintiff will amend this complaint to allege their true names and capacities when ascertained.
3. Defendant Martha Coakley is a District Attorney in Middlesex County, and for the Commonwealth of Massachusetts. Defendant Coakley and Assistant District Attorney are registered attorneys in the State of Massachusetts and work in the District Attorney's Office. They have been familiar figures in Cambridge District Court where they provide legal services for the Commonwealth. Defendants Martha Coakley and Assistant District Attorney are members of the Bar, and operate the District Attorney offices located in the District Courthouse, 40 Thorndike Street, Cambridge, Massachusetts.
4. Plaintiff is informed and believes and thereon alleges that each of the named defendants Martha Coakley and Assistant District Attorney, and at all times herein mentioned, were practicing attorneys specializing in criminal prosecution, responsible in some manner for the occurrences herein alleged, and that plaintiff's damages as herein alleged, were proximately caused by their conduct.

## Jurisdiction

5. Pursuant to Massachusetts General Laws Ch. 258 § 4, notice of this impending claim was presented to the immediate governing body of the department involved. This court has jurisdiction over this matter; pursuant to title 42 U.S.C.S. in so far as defendants Martha Coakley and Assistant District Attorney were a group, in a series of defendants, and in which plaintiff's civil rights were violated. By conspiring and then sanctioning or failing to diligently perform their duties, while plaintiff was under duress, defendants contributed to, and supported the civil rights violations to continue. Plaintiff therefore beseeches this Court in order that an impartial forum is available.

## Facts

6. On February 14, 2003, and at other court proceedings through the year of 2003, plaintiff attempted to clear his good name of false charges filed against him December 14, 2002, by filing proper motions and declarations to show cause which proved his innocence. By that time defendants Coakley and Assistant District Attorney were aware plaintiff had not committed any crime and that the alleged claim should have been withdrawn. However, the defendants nevertheless proceeded with the discovery process. False information and statements in the discovery articles were made with actual malice by defendants, their agents, servants and employees, and were made with the knowledge that accusations of other illegal conduct were false, or were made with reckless disregard either way.
7. On May 7, 21, and June 2, 2004 defendants Coakley and Assistant District Attorney continued to violate plaintiff's rights, guaranteed by the Due Process and Equal Protection clauses of the Fourteenth Amendment and a panoply of other rights arising under the Constitution, by acting under color of state law, 42 U.S.C.S. 1983 (1988), and exposing plaintiff to a discovery process in which additional false statements were published and communicated. Defendants Coakley and Assistant District Attorney, in performing discovery in this manner, have continued to defame plaintiff's good name by subjecting him to false charges and statements against his person. Defendants, and each of them, in doing so, violated his civil liberties and cast him in a false light.
8. On November 18, 2003, after more than 12 pretrial conferences, the charges against plaintiff were dismissed and the case was therefore determined finally in plaintiff's favor.
9. Through the year 2003, the claim, accusations, inaccurate discovery information and overall process were brought forth and maintained falsely and maliciously, for the intent and purpose of hindering, delaying and preventing the free movements of plaintiff, and to accomplish unlawful and ulterior purposes for which the said process was not designed or intended. Although initiated by MIT, the prosecution and continuations of the case were supported, and then maintained by defendants Coakley and Assistant District Attorney without cause, and were supported maliciously and with the intent to harm plaintiff. Defendant Coakley and Assistant District Attorney, in conducting discovery and publishing false statements, did unreasonably, substantially and seriously interfere with the privacy of plaintiff, did unreasonably cause his name and image to be placed on public display, did unreasonably cause his name and person to be portrayed in a false light, and to suffer from notoriety, all in violation of MGL c. 214 § 1B. In doing so, defendants, and each of them, negligently and unreasonably failed to investigate and

2

inquire into the reliability of the allegations made against plaintiff and into the integrity and accuracy of the reports.

10. Defendant Coakley and Assistant District Attorney, and each of their egregious acts and omissions were intentional, were unreasonable, and unnecessary in the course of any reasonable prosecution. Their knowledge of the false charges against plaintiff, as made known in his repeated attempts to move the Court to dismiss, and Defendant Coakley's insensitivity and failure to respond to the numerous attempts of plaintiff trying to correct the record, all verify her and her office's intention and their lack of care in upsetting him and allowing the case to drag on. As a result of defendant's lack of response or sincere effort to correct the record or the process as to how it was proceeding, and observing that by failing to do so, plaintiff was becoming distraught as a result of her actions and omissions, defendant ratified that her overall conduct was done with understanding that plaintiff's emotional and physical distress would thereby increase, and was done with a wanton and reckless disregard of the consequences to plaintiff.

11. As a proximate result of defendants Coakley and Assistant District Attorney, and each of their parts in the malicious prosecution, abuse of process, and defamation, plaintiff was caused great harm, he was injured in his stature, health, and activity and suffered damages to his reputation, mental pain and anguish, embarrassment, humiliation, expenses and lost income, all to his damage. Defendant Coakley's and Assistant District Attorney's actions, as herein alleged, were willful, wanton, malicious, and oppressive, and justify the awarding of exemplary damages.

3

WHEREFORE, plaintiff prays judgment as follows:

1. For general damages according to proof;
2. For punitive and exemplary damages according to proof, amount demanded $ <u>6,000,000.00</u>;
3. For reasonable attorney consulting fees;
4. For interest and as allowed by law;
5. For costs of suit herein incurred; and
6. For such other and further relief as the Court may deem proper.

<u>September 18, 2004</u>          *[signature]*
      Date

4