UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

George Logue

    Plaintiff

v.

Martha Coakley
Assistant District Attorney
Commonwealth of Massachusetts
    Defendants

CIVIL ACTION

CASE NO. 04 – 10822 – DPW

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS OPPOSITION TO DEFENDANTS MOTION TO DISMISS

Plaintiff, George Logue, hereby asserts this memorandum of law in support of his Opposition to Defendant's Motion To Dismiss. Where the defendants have issued a response in the format of a motion to the complaint, rather than an "answer" as prescribed typically by Federal Rules of Civil Procedure, plaintiff asserts the complaint is not warranted under Rule 12. Further, where plaintiff is aware and in agreement with the sound reasoning for offering immunity to states and its actors generally, in the instant case each of the forms is challenged. It is challenged for each of the named defendants, including the Assistant District Attorney(s) to be named later when those identities may be corroborated with information revealed during initial discovery outlined by Local Rule 26.2.

## ARGUMENT

### Regarding Immunity

In general, claims brought under federal law, are not affected by a state tort claims act. Webb v. Lawrence County, 144 F.3d 1131 (5th Cir. 1998) (applying S. Dakota law). This includes federal constitutional violations as well as claims brought under 42 U.S.C.A. § 1983, as state law can foreclose state remedies but it cannot foreclose a § 1983 claim.[1] Therefore, immunity under such consideration is not applicable.

Defendants Coakley and Assistant District Attorney, under the Commonwealth of Massachusetts are ultimately state actors. Supporting that the defendants, as state actors, are not necessarily shielded from qualified citizens seeking monetary damages, by claiming immunity under the

---

[1] Fifty-seven Am Jur 2d, section 4 and 5, Scope of State Immunity Laws; impact on federal actions

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| George Logue | CIVIL ACTION |
| Plaintiff | CASE NO. 04 – 10822 - DPW |
| v. | |
| Martha Coakley<br>Assistant District Attorney<br>Commonwealth of Massachusetts<br>Defendants | |

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS OPPOSITION TO DEFENDANTS MOTION TO DISMISS

Plaintiff, George Logue, hereby asserts this memorandum of law in support of his Opposition to Defendant's Motion To Dismiss. Where the defendants have issued a response in the format of a motion to the complaint, rather than an "answer" as prescribed typically by Federal Rules of Civil Procedure, plaintiff asserts the answer is not warranted under Rule 12. Further, where plaintiff is aware and in agreement with the sound reasoning for offering immunity to states and its actors generally, in the instant case each of the forms is challenged. It is challenged for each of the named defendants, including the Assistant District Attorney(s) to be named later when those identities may be corroborated with information revealed during initial discovery outlined by Local Rule 26.2.

## ARGUMENT

### Regarding Immunity

In general, claims brought under federal law, are not affected by a state tort claims act. Webb v. Lawrence County, 144 F.3d 1131 (5th Cir. 1998) (applying S. Dakota law). This includes federal constitutional violations as well as claims brought under 42 U.S.C.A. § 1983, as state law can foreclose state remedies but it cannot foreclose a § 1983 claim.[1] Therefore, immunity under such consideration is not applicable.

Defendants Coakley and Assistant District Attorney, under the Commonwealth of Massachusetts are ultimately state actors. Supporting that the defendants, as state actors, are not necessarily shielded from qualified citizens seeking monetary damages, by claiming immunity under the

---

[1] Fifty-seven Am Jur 2d, section 4 and 5, Scope of State Immunity Laws; impact on federal actions

Eleventh Amendment, is the decision in Tennessee v. Lane, U.S. case No. 02-1667, 104 S. Ct. 1978; 158 L. Ed. 820 (2004). In this recently decided case, the right of individual's access to the Courts addresses, head on, the frequent immunity issue of a state not being a "person." And a hint of a broader criticism of states and their actors is present for their "pattern of unequal treatment in the administration of a wide range of public services, programs, and activities…" Further, Justice Stevens's majority opinion in that case highlights that Congress enacted Title II "against a backdrop of pervasive unequal treatment in the administration of state services and programs, including systematic deprivations of fundamental rights." That is precisely the type of systematic deprivation attempting to be instilled by the defendants in this instant case.

### Regarding Due Process and Malicious Prosecution

First and foremost, the complaint should not be dismissed because the defendants violated plaintiff's rights guaranteed by the Due Process and Equal Protection clauses of the Fourteenth Amendment, and a panoply of other rights arising under the Constitution.

Section 1983 provides:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any state or territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

The grievances happened because of the defendant's failure to consider the false accusations leveled against plaintiff and by failing to verify all supporting information resulting in a false and malicious prosecution. It was incumbent upon the Commonwealth and its agents to check and verify the information at each step of the process. If they had done so early on, it would have been evident plaintiff had established a reason and had been granted permission to be visiting MIT. Further inquiry would have revealed he had committed no crime. Where plaintiff had established privileged consent, there could not have been trespass. Cline v. A.A. Will Sand & Gravel Corp., 346 Mass. 40, 190 N.E. 2d 114 (1963). Instead the defendants continued to maintain and support the false charge for nearly one year, further hindering plaintiff's movements and violating his constitutional rights by supporting the false charge with additional false information as noted in the complaint. Where the original arrest was illegal, the subsequent detention and imprisonment, and prosecution were also illegal and constitute a continuing tort for which the defendants are responsible. Wax v. McGrath, 255 Mass. 340, 151 N.E. 317 (1926).

When a [state] official charges a citizen, thereby forcing that citizen to stand trial for a crime of which the official knows [or should have known] he is innocent, that official offends all that is regarded as "due process of the law for the purpose of § 1983."U.S.C.A. Const. Amend. 14; 42 U.S.C.A. § 1983. Bibbou v. Mulhern, 621 F. Supp. 1018 (1985). That is the same Due Process, and associated clauses, that were intended to secure an individual from an abuse of just this type of power and oversight by governmental officials. In abusing that power, and by acting under color of state law, the defendants aided in the malicious prosecution as described in the complaint. Therefore, by failing to verify this information alone, defendants allowed the

criminal complaint to drag on and aided in a process denying him of his civil liberties by acting under-color of state law, 42 U.S.C. § 1983(1988).

## Conclusion

This action was brought forth seeking damages as a remedy to the malicious, willful and oppressive deeds described in this and the related complaints. Although a § 1983 complaint does not require a description of specific intent, this memorandum attempts to further describe the actions of the defendants, citing cases in support of their violations.

The factual accounts of the defendants role, in continuing to maintain a malicious prosecution with additional false and defamatory information, and up until such time as when the trial court finally dismissed the case, is testimony to the defendants acting under color of state law, while supporting the malicious prosecution. As there was no issue of material fact, there should not have been an arrest or subsequent imprisonment, or support of such a prosecution. The damages imparted as a result of the actions of these defendants, and the lingering effects of them, particularly the resultant defamation that has severely altered plaintiff's reputation and imposed a stigma that has interfered with his ability to take advantage of employment opportunities, demand significant remedies. Those remedies were demanded in the complaint and include a request for exemplary damages to reflect the malicious, willful and oppressive nature of the cited grievances.

WHEREFORE, plaintiff has sought this Court's assistance in the way of an impartial judiciary, because of the amount of time and effort expended dealing with these defendants thus far. Where plaintiffs claim was filed seeking judicial review and process, he prays this complaint is not dismissed but rather, receives a fair and equitable examination of each of the allegations.

Respectfully submitted,

November 24, 2004

*[signature: George Logue]*

### CERTIFICATE OF SERVICE

I, George Logue, plaintiff, hereby certify that on the 24th day of November 2004, I caused a true copy of the documents above to be served on the opposing parties as listed below, by serving one copy of same via first class mail postage paid.

Respectfully submitted,

*[signature: George Logue]*

Randall E. Ravitz
Assistant Attorney General
One Ashburton Place
Boston, MA 02108