UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

GEORGE LOGUE,            )
    Plaintiff,           )   CIVIL ACTION NO.
                         )   04-10822-DPW
    v.                   )
                         )
MARTHA COAKLEY, ET AL.,  )
    Defendants.          )

MEMORANDUM AND ORDER
January 3, 2005

In this _pro se_ action, a former defendant in a state District Court criminal trespass case asserts a variety of claims against the District Attorney's Office and certain named and unidentified lawyers in the office that prosecuted him.[1] The claims all arise from the initiation and conduct of the criminal prosecution.

While the complaint and its various elements are infirm under a number of legal doctrines, the most fundamental bar to the claims presented in this case involves the immunity accorded the defendants.

Under federal Eleventh Amendment immunity and state

---

[1] The plaintiff has filed separate _pro se_ actions against the various participants in the criminal proceedings against him. In _Logue v. Massachusetts Institute of Technology_, 02-12493-DPW, he sues the institution whose agents made the arrest that initiated the criminal complaint. In this action, he sues the prosecutors in the case. In _Logue v. Coppola_, 04-10823-DPW, and _Logue v. Vakili_, 04-10824-DPW, he sues two lawyers successively assigned by the state court to defend him. In _Logue v. Cambridge District Court_, 04-12096-DPW, he sues the judiciary. By simultaneous Memoranda and Orders issued today in these cases, I am directing judgment for the defendants in each of these actions.

sovereign immunity, claims against the Commonwealth of Massachusetts and its agencies are barred with exceptions not implicated by this case.

The individual defendants have the benefit of federal, Imbler v. Pachtman, 424 U.S. 409 (1976), and state, Chicopee Lions Club v. District Attorney, 396 Mass. 244 (1985), immunity for the discharge of their prosecutorial duties. The acts charged in the complaint fall within the scope of such prosecutorial immunity.

There being no basis on which this action may proceed, the defendants' motion to dismiss is GRANTED.

/s/ Douglas P. Woodlock
_____
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE